UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 15-20420

v.                                      Honorable Thomas L. Ludington

ZACHARY PUTKOVICH,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On August 26, 2015, Defendant was indicted by a grand jury for one count of possession of child pornography and one count of distribution of child pornography in a first superseding indictment. ECF No. 9. Defendant pled guilty and on January 27, 2016 was sentenced to 80 months imprisonment. ECF No. 24.

On November 3, 2020, Defendant filed a *pro se* Motion to Reduce his Sentence due to the spread of COVID-19. ECF No. 25. Plaintiff, "the Government" filed a response on December 2, 2020. ECF No. 26.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan previously explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

**II.**

In his motion, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) (commonly referred to as compassionate release). ECF No. 25. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion Defendant admits that he did not submit a request for compassionate release to the Warden because "[a]ll requests for compassionate release to the warden were systematically denied to all, even qualifying inmates." ECF No. 25 at PageID.161. As the Government highlighted, such evidence is necessary for the Court to determine whether Defendant has in fact exhausted his administrative remedies. ECF No. 26. While the Court is aware of the time sensitive nature of Defendant's request, the Sixth Circuit has clearly stated that Defendants must first seek

release from the BOP rather than come directly to the courts. Defendant's motion will be denied without prejudice for failure to demonstrate his exhaustion of his administrative remedies.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 25, is **DENIED WITHOUT PREJUDICE**.


Dated: December 9, 2020                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Zachary Putkovich #51239-039, FCI Loretto, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1000, CRESSON, PA  16630 by first class U.S. mail on December 9, 2020.

                          s/Kelly Winslow
                          KELLY WINSLOW, Case Manager