UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                                  Case No. 15-20420

v.                                                    Honorable Thomas L. Ludington

ZACHARY PUTKOVICH,

          Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On August 26, 2015, Defendant was indicted by a grand jury for one count of possession of child pornography and one count of distribution of child pornography in a first superseding indictment. ECF No. 9. Defendant pled guilty, and on January 27, 2016, he was sentenced to 80 months imprisonment. ECF No. 24.

On November 3, 2020, Defendant filed a pro se Motion to Reduce his Sentence due to the spread of COVID-19. ECF No. 25. His motion was denied without prejudice for failure to demonstrate exhaustion of his administrative remedies. ECF No. 27. On December 28, 2020, Defendant submitted a letter to the Court updating the Court on the outbreak of COVID-19 at FCI Loretto and stating he has submitted his request for compassionate release to the BOP. ECF No. 28. On January 13, 2021, Defendant submitted the BOP's denial of his request for compassionate release.[1] ECF No. 29 at PageID.184. He also renewed his request for compassionate release. *Id.* On February 8, 2021, the Government responded to Defendant's renewed Motion. ECF No. 30. For the following reasons, Defendant's Motion for Compassionate Release will be denied.

---

[1] Due to mailing delays, the request was docketed on February 2, 2021.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

On December 14, 2020, Defendant requested compassionate release from BOP. ECF No. 29 at PageID.184. The Warden denied his request on December 31, 2020. *Id.* Accordingly, Defendant has exhausted his administrative remedies.

### B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step

- 3 -

Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones* 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[2] *Id.* (quoting *United*

---

[2] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1

*States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

In his renewed request for compassionate release Defendant explains that he was infected with COVID-19 and continues to "have difficulty recovering my breath after exercise, to such a capacity that it is noticeably different from my previous recovery time." ECF No. 29 at PageID.185. He states his "overall concerns involve the administration's choice to again begin shipping and receiving inmates [because] [t]his was the exact behavior that exposed us (the inmates) to further risks." *Id.* He also included several news articles about the spread of COVID-19 through prisons in the U.S. in his filing. ECF No. 29 at PageID.186–94. His original motion for compassionate release focused on the same topics.

In response, the Government argues that "Putkovich does not have a chronic condition that the CDC has confirmed will cause him to face an increased risk of severe illness from Covid-19, his reasons for release are not 'extraordinary' and instead present only a 'generalized fear[] of contracting Covid-19." ECF No. 30 at PageID.208 (quoting *USA v. Jackson*, 2020 U.S. App. LEXIS 32269 at *6 (6th Cir. 2020)).

Defendant is 29 years old and does not have any risk factors for severe illness from COVID-19. ECF No. 30 at PageID.198. FCI Loretto previously suffered a severe outbreak of COVID-19 and Defendant was infected. However, there are no active inmate cases of COVID-19 at the prison and only 15 staff cases. *Federal Bureau of Prisons*, https://www.bop.gov/coronavirus [https://perma.cc/4P53-ZUSZ] (last visited Mar. 25, 2021). Further, 115 staff members and 65

inmates have been fully immunized. *Id.* Without minimizing Defendant's fears, his allegations of continued breathing difficulties after exercise and the mere existence of COVID-19 at FCI Loretto are not extraordinary and compelling when there is no indication that Defendant is particularly vulnerable to the disease. *Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 29, is **DENIED WITH PREJUDICE**.

Dated: March 26, 2021                                                  s/Thomas L. Ludington
                                                                       THOMAS L. LUDINGTON
                                                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Zachary Putkovich** #51239-039, LORETTO FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, CRESSON, PA 16630 by first class U.S. mail on March 26, 2021.

                                   s/Kelly Winslow
                                   KELLY WINSLOW, Case Manager